COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


CHRIS CHARLES DEECHEANDIA, S/K/A
 CHRISTOPHER DE ECHEANDIA

                                                            MEMORANDUM OPINION* BY
v.        Record No. 1885-03-2                   JUDGE ROBERT J. HUMPHREYS
                                                            JUNE 8, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

Christopher J. Collins for appellant.

Deana A. Malek, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Chris C. Deecheandia appeals his convictions for two counts of attempting to take

indecent liberties with a child under the age of fourteen, in violation of Code §§ 18.2-370 and

18.2-26.[1]  In his brief on appeal, Deecheandia contends that the evidence presented, "was

insufficient, as a matter of law, to" support the convictions.  For the reasons that follow, we

affirm.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in

the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover, as this opinion has no precedential value, we recite only those facts necessary to our holding.

[1] Deecheandia was also tried for three counts of using communications systems to solicit a minor (in violation of Code § 18.2-374.3(B)), as well as a third count of attempting to take indecent liberties with a child under the age of fourteen (in violation of Code §§ 18.2-370 and 18.2-26).  However, the trial court found Deecheandia not guilty of these four charges.

deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). In doing so, we are required to "'regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)). Further, we are mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination," Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999), and we will not disturb a conviction unless it is plainly wrong or unsupported by the evidence, Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).

So viewed, the evidence presented below established that, between May 10 and June 11, 2002, Chesterfield County Detective Rick Meadows posed as a thirteen-year-old girl named "Joni," on an internet chat line. Specifically, Meadows set up a profile on "Yahoo!," calling himself "Joni_C_13." Meadows described himself as an eighteen-year-old, female student on the profile, but in the "More About Me" section of the profile, he indicated "im [sic] really 13 . . . but it wont [sic] let me say it . . . sshhhhh!!"

On May 10, 2002, when Detective Meadows entered "a romance chat room" called "Virginia Room," using the "Joni_C_13" screen name, he received an "instant message from someone" using the screen name of "Richmondhotguy." Meadows began exchanging instant messages with "Richmondhotguy," telling him that his name was Joni, that he was thirteen years old, that he lived with his "mom" and was in the "7th grade." After several messages back and forth, the conversation became sexual in nature when "Richmondhotguy" asked "Joni_C_13" if she had "dont [sic] stuff with guys before" and if she was "still a virgin." Eventually, and in the context of several explicit messages, "Richmondhotguy" turned on his "webcam" so that

- 2 -

Detective Meadows, still posing as "Joni_C_13," could see his face, as well as his "private parts," on the detective's computer screen.

Detective Meadows had another "instant message conversation" with "Richmondhotguy," while posing as "Joni_C_13," on May 17, 2002. That conversation again turned sexual, and "Richmondhotguy" again turned on his webcam so that Detective Meadows was able to view his "face" and his "private parts, the penis." As before, "Joni_C_13" told "Richmondhotguy" that she was in school and that she lived with her "mom." Meadows told "Richmondhotguy" that Joni was going to spend the weekend with her "dad," and the two discussed meeting the next week when she returned. At the end of the conversation, "Richmondhotguy" asked "Joni_C_13" if she was "almost 14 or did you just turn 13?" Detective Meadows replied "about 13 and half [sic]," to which "Richmondhotguy" responded "ok" before ending the conversation.

After another conversation with "Richmondhotguy" on June 11, 2002, Meadows obtained warrants for Deecheandia's arrest.[2] When Meadows arrived at Deecheandia's home, Deecheandia told Meadows that "he knew all along that [Meadows] was . . . police when [he] was online as 'Joni_C.'" Deecheandia subsequently gave police a written statement, indicating that he "did not believe [he] was talking to a minor." Deecheandia stated that the profile "said 18 years old [sic]. [He] thought it was someone joking around. Everyone is always joking around on the net. Also, it was not a teen chat room and [he] never even thought twice about it."

At Deecheandia's trial, Detective Meadows testified that there was no age limitation on "these chat rooms." However, he indicated that when he was setting up the profile for

---

[2] Meadows had "subpoena[ed]" information related to an e-mail address Deecheandia had given "Joni_C_13" during one of the conversations at issue. From that information, Detective Meadows was able to obtain a picture of Deecheandia through the Department of Motor Vehicles, and to verify his name and address.

"Joni_C_13," "Yahoo!" would not let him "put a date that said [he] was 13." He testified that he obtained information from "Yahoo!" that stated "[i]f you're under 13 years old, you can't create a Yahoo! Profile." Accordingly, he understood that an individual wishing to create a profile was required to be "over 13." On cross-examination, Detective Meadows testified that "Yahoo!" did have a "Terms of Service" agreement. That agreement stated, "Please be aware that Yahoo has created certain areas on the Service that contain adult or mature content. You must be at least 18 years of age to access and view such areas." Detective Meadows also stated, "role-playing is very common" on the internet and that "one of the more popular role-playing [sic] is people pretending to be younger than they are, women in particular."

In his motion to strike the evidence, Deecheandia's counsel argued the evidence was insufficient to prove that Deecheandia "knew or should have known this to be a 13-year-old girl." Specifically, counsel argued that Deecheandia believed "Joni_C_13" was "role playing." Thus, "there [was] room for reasonable doubt as to his intent, and it's not illegal." The trial court denied Deecheandia's motion to strike, holding:

> [T]he Court is persuaded beyond a reasonable doubt that the Commonwealth has met its burden of proof. . . . I understand [Deecheandia's] argument about role-playing on the Internet, but as I consider all of the evidence and weighing it in the manner most favorable to the Defendant where he was talking about what grade, where she goes to school, whether her parents are there, when her profile says, shhh, I'm really 13, etc., given all of that, I do believe that he was – that he thought he was speaking to someone under the age of 14 and truly did try to expose himself. And he did expose himself, and he's been identified in those cases because the webcam is turned on.

The trial court subsequently found Deecheandia guilty of the charges and sentenced him to six years in prison, with five years suspended. It is from this judgment that Deecheandia appeals, contending that the Commonwealth failed to present sufficient evidence to prove, beyond a reasonable doubt, that he "believed he was chatting with a thirteen year old [sic]."

- 4 -

Assuming, without deciding, that the Commonwealth was required to prove, for an

attempt[3] charge pursuant to Code § 18.2-370, that Deecheandia "knew or should have known"

that he was exposing himself to a child under the age of fourteen, we find that the evidence here

was more than sufficient to allow the fact finder to infer that Deecheandia possessed such

knowledge.[4]  Indeed, "Joni_C_13's" profile indicated that she was "really 13" and Detective

Meadows, acting under the guise of "Joni_C_13," continually told Deecheandia that he was

thirteen years old.  Moreover, Detective Meadows told Deecheandia that "Joni_C_13" was in the

seventh grade, that she lived at home with her mother, and that she had little, if any, sexual

experience.  From this evidence, and based upon the applicable standard of review, we cannot

find that the trial court was "plainly wrong" in determining that Deecheandia "knew or had

---

[3] An "attempt" to commit a crime "is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose."  Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978).

[4] Code § 18.2-370 provides as follows, in pertinent part:

> A. Any person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally commit any of the following acts with any child under the age of fourteen years shall be guilty of a Class 5 felony:
>
> (1) Expose his or her sexual or genital parts to any child to whom such person is not legally married or propose that any such child expose his or her sexual or genital parts to such person; . . . .

The Commonwealth conceded during Deecheandia's trial that the "knowledge" element of the statute correlated to the age of the victim.  As stated above, we assume, without deciding, that the Commonwealth's concession was accurate, as this issue has not been raised for purposes of our consideration on appeal.

reason to know" that "Joni_C_13" was a thirteen-year-old girl and that he attempted to expose himself to her.[5]

The courts of this Commonwealth have long recognized that "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). Moreover, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). "Whether [an] . . . hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) (citation omitted). Finally, in drawing such a conclusion, "[t]he credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving [statements] of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) (citation omitted).

For these reasons, we find that the totality of the evidence here supported the trial court's inference that Deecheandia believed he was corresponding via the internet with, and thus attempting to expose himself to, a child under the age of fourteen. See Brooker v. Commonwealth, 41 Va. App. 609, 616, 587 S.E.2d 732, 736 (2003) (finding the evidence sufficient to convict Brooker pursuant to Code §§ 18.2-26 and 18.2-370 where the "evidence

---

[5] Indeed, as indicated by his statement to police, Deecheandia does not dispute the fact that he exposed his genitals via his web camera, nor does he dispute the fact that he intended for "Joni_C_13" to view the images.

showed that [Brooker] twice transmitted to someone, whom he believed was a minor, live images of his genital parts by means of a computer and a web camera so that the minor could see appellant's genital parts at the time of the exposure").  Accordingly, we affirm Deecheandia's convictions.

Affirmed.
