COURT OF APPEALS OF VIRGINIA

Present:    Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


JAMES GANGGA BROOKER

                                                    OPINION BY
v.       Record No. 2259-02-2          JUDGE NELSON T. OVERTON
                                                    OCTOBER 28, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

William P. Irwin, V (Bowen, Champlin, Carr & Rockecharlie, on
brief), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


James Gangga Brooker, appellant, was convicted of two counts of attempting to take

indecent liberties with a child in violation of Code §§ 18.2-26 and 18.2-370. He was also convicted

of three counts of the use of a communications system for soliciting a minor in a sex crime in

violation of Code § 18.2-374.3(B)(i). On appeal, he contends the evidence was insufficient to prove

he committed the offenses. We disagree and affirm the convictions.

FACTS

Detective Rick Meadows posed as a twelve-year-old girl named "Kim" while conducting

computer on-line investigations. Meadows, as "Kim," had three separate text message

conversations with appellant via an instant message internet chat room called "Romance

Virginia."[1] On October 30, 2001, in his first "chat" with appellant, Meadows wrote that "Kim"

---

[1] "An instant message permits parties to connect simultaneously over the internet. As the
party sending a message types the message, it instantaneously appears on the computer screen
of the addressee. The communications link is continuous, and the exchange of messages is

was twelve years old and lived in Virginia.  Appellant replied that he was twenty-four years old, and he asked if "Kim" had ever kissed "an older guy."  Appellant also sent Meadows two photographs of himself in which his genitals were exposed.  Appellant wrote, "Don't you want to see and feel the real thing?"  Meadows replied, "Yes" and asked, "What would you do with me?"  Appellant wrote, "Anything you want me to do.  Do you want to cumm [sic] in my mouth?" and he referred to licking "Kim" "you know where" and "everywhere on [her] body."  He asked if "Kim" wished she lived closer to him and if she would "come over."  Appellant also gave "Kim" his home telephone number.

On October 31, 2001, appellant and Meadows had another on-line conversation. Appellant told "Kim" not to tell her parents about their communication.  He also asked if "Kim" wanted to see him and if she wanted him to remove his pants.  Appellant removed his pants and transmitted by means of a web camera live pictures of himself, exposing his penis and holding his erect penis.  Detective Meadows testified that appellant's web camera allowed Meadows to "see what [appellant] was doing" at that time.  Detective Meadows produced snapshots of his computer screen and screen captures which were introduced into evidence.  The images clearly showed appellant's penis.  Appellant wrote that he wished "Kim" was there with him and that he would "make love to" her if she was there.  He further stated he would "be gentle" with her and "teach" her.  Appellant and "Kim" discussed meeting each other, and appellant said he would "pick [her] up" somewhere, although he was "not too familiar with Richmond."

On November 26, 2001, appellant and Meadows, as "Kim," had a third on-line exchange. Appellant asked if "Kim" wanted him to remove his clothes, and he activated his web camera. Appellant removed his pants and exposed his penis to the camera.  He then asked if "Kim"

---

immediate."  Bloom v. Commonwealth, 34 Va. App. 364, 368 n.1, 542 S.E.2d 18, 20 n.1, aff'd, 262 Va. 814, 554 S.E.2d 84 (2001).

- 2 -

wanted to see him masturbate. Appellant masturbated to ejaculation in front of the web camera. Snapshots of Detective Meadows' computer screen taken during this exchange showing appellant's penis were admitted into evidence. "Kim" asked appellant if he thought she was too young for him, and he replied, "No, but we have to be very careful." He also asked, "Are you going to lose your virginity to me?"

ANALYSIS

Appellant admits that he made the communications with "Kim" over the internet. However, he contends that the evidence was insufficient to prove he used a communication device to solicit a minor in violation of Code § 18.2-374.3(B). He argues that the evidence failed to show he intended the minor to act upon the content of the on-line conversations.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

Code § 18.2-374.3(B) provides:

> It shall be unlawful for any person over the age of eighteen to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting any person he knows or has reason to believe is a minor for (i) any activity in violation of §§ 18.2-355, 18.2-358, 18.2-361 or § 18.2-370, (ii) any activity in violation of § 18.2-374.1, or (iii) a violation of § 18.2-374.1:1.

"Criminal solicitation involves the attempt of the accused to incite another to commit a criminal offense. 'It is immaterial whether the solicitation has any effect and whether the crime solicited is in fact committed. . . . The gist of [the] offense is incitement.'" Branche v. Commonwealth, 25 Va. App. 480, 490, 489 S.E.2d 692, 697 (1997) (citation omitted). "[T]he act of solicitation may be completed before any attempt is made to commit the solicited crime." Ford v. Commonwealth, 10 Va. App. 224, 226, 391 S.E.2d 603, 604 (1990).

> The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established.

Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995) (citations omitted).

Appellant's actions and statements to "Kim" were not simply "words alone." See Bloom v. Commonwealth, 34 Va. App. 364, 373, 542 S.E.2d 18, 22, aff'd, 262 Va. 814, 554 S.E.2d 84 (2001). In the October 30, 2001 conversation, appellant discussed kissing "Kim," whom he believed was twelve years old, and he sent her photographs of himself in which his genitals were exposed. He inquired if she wanted to "see and feel the real thing," and he discussed "Kim" "cumm[ing] [sic] in his mouth." In addition, appellant expressed a desire to lick "Kim" "everywhere on [her] body," and he asked if she would "come over."

In the October 31, 2001 communication, appellant transmitted to "Kim" images of his erect penis using a web camera allowing the recipient to view live images of him. During this communication, appellant wrote that he would have sexual intercourse with the minor if she was present, stating that he would be "gentle" with her. Furthermore, appellant discussed meeting "Kim" and offered to pick her up "somewhere." "Kim" responded, "I'm not far," and appellant wrote back, "I know. That's good, but I'm not too familiar with Richmond."

During the November 26, 2001 conversation, appellant asked if "Kim" would lose her virginity to him. He activated his web camera, removed his pants, and masturbated to ejaculation.

From the content of the three conversations and from the evidence of the images appellant transmitted to the minor, the trial judge could infer that appellant intended to solicit a minor to commit illegal sexual acts in violation of the statute and via a communications device.

- 4 -

Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that, on three separate occasions, appellant violated Code § 18.2-374.3(B).

The fact that appellant and "Kim" were located in different cities while they exchanged communications is of no consequence. "[T]he separate crime of solicitation may be completed before an attempt is made to commit the solicited crime." Pederson v. City of Richmond, 219 Va. 1061, 1067-68, 254 S.E.2d 95, 99 (1979). Appellant's "principal objective was to persuade" the minor to engage in criminal sexual acts. See id. at 1068, 254 S.E.2d at 100. Proof of any overt act toward committing the crimes, such as meeting the minor at a specified location, was not required.

In addition, appellant's argument that his actions constituted a single continuing offense is without merit. Evidence of separate, discrete conduct by appellant supported each of the three offenses. See, e.g., Slater v. Commonwealth, 15 Va. App. 593, 596, 425 S.E.2d 816, 817-18 (1993); Johnson v. Commonwealth, 13 Va. App. 515, 518, 412 S.E.2d 731, 732 (1992). The offenses occurred on three different dates, involved three distinct and separate communications, and, in each conversation appellant incited the minor to commit a crime. Therefore, the evidence proved that appellant violated the statute on three separate occasions.

Appellant contends the evidence was insufficient to prove that he attempted to expose himself to a minor in violation of Code § 18.2-370 because the parties were located in separate cities at the time of the incidents. He also contends that he could not have committed these offenses because he exposed his genitals by means of the internet and not in a public location.

Code § 18.2-370 provides, in part, that a person who knowingly and intentionally "[e]xpose[s] his . . . sexual or genital parts to any child" under the age of fourteen years shall be guilty of a Class 5 felony.

Expose has been defined as "'to put on show or display,'" "'to lay open to view,'" "'to display,'" "'to offer to the public view.'" Siquina v. Commonwealth, 28 Va. App. 694, 698, 508 S.E.2d 350, 352 (1998) (citations omitted). "'Exposure of [a] person becomes indecent when it occurs at such time and place where [a] reasonable person knows or should know his act will be open to observation of others.'" Id. (citing Black's Law Dictionary 768 (6th ed. 1990)). "'[A]n indecent exposure must be either in the actual presence and sight of others, or in such a place or under such circumstances that the exhibition is liable to be seen by others.'" Holley v. Commonwealth, 38 Va. App. 158, 164, 562 S.E.2d 351, 354 (2002) (citation omitted).

The evidence showed that appellant twice transmitted to someone, whom he believed was a minor, live images of his genital parts by means of a computer and a web camera so that the minor could see appellant's genital parts at the time of the exposure. In addition, on both occasions, prior to exposing his penis, appellant asked via instant messaging whether the minor wanted him to remove his pants or clothing. In both instances, Meadows indicated that "Kim" wanted appellant to remove his pants. From appellant's words and conduct, the trial judge could infer that appellant knowingly and intentionally exposed his genitals to a person whom he believed to be a minor.

Furthermore, the trial judge admitted evidence showing Meadows' computer screen at the time appellant sent the transmissions to "Kim." Several of the pictures received on October 31 and November 26, 2001 clearly show appellant's genitals. From this evidence, the trial judge could conclude that appellant knew that the exposure of his genitals in front of his activated web camera was "liable to be seen" by the minor at the time of the exhibition because "Kim" was engaged in an instant message internet conversation with appellant at the time of the displays.

Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant violated Code §§ 18.2-26 and 18.2-370.

For the reasons stated, we affirm the convictions.

<u>Affirmed.</u>