COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges Alston, Chafin and Malveaux
Argued at Salem, Virginia

MAJOR LANCE HILLMAN

v.      Record No. 0287-17-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE MARY BENNETT MALVEAUX
APRIL 3, 2018

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

Matthew L. Pack (M. Pack Law, PLLC, on brief), for appellant.

Eugene P. Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Major Lance Hillman ("appellant") was found guilty of use of a computer to solicit a minor,

in violation of Code § 18.2-374.3, and taking indecent liberties with a child, in violation of Code

§ 18.2-370.  On appeal, appellant argues the trial court (1) erred in finding that the evidence was

sufficient to prove that his actions constituted an exposure; (2) erred in finding that the evidence was

sufficient to prove that he knew or had reason to believe that the victim was younger than 15 years

of age; and (3) abused its discretion by allowing photographs to be admitted that had not been

properly authenticated.  Finding no error, we affirm.

## I.  BACKGROUND

### The Offenses

Appellant was employed as the youth pastor at A.F.'s church.  Between August and

December of 2015, A.F. sought out appellant for counseling because of prior sexual abuse.  At

that time, A.F. was fourteen years old and in the eighth grade.  Appellant was twenty-two years

old.  To participate in the church's youth group, A.F. had to sign a medical release form which

listed both her age and date of birth. This form was given to the church. A.F. never told appellant that she was older than fourteen, but did not specifically remember telling him her age.

A.F. and appellant began to communicate via text message and later through Snapchat.[1] Several dated and time-stamped text messages recovered from appellant's iPad show that on the evening of October 27, 2015, appellant asked A.F. if she used Snapchat, and asked her to "add" him to hers. Appellant then gave A.F. his Snapchat user name, and ten minutes later asked her if she "g[o]t that." A.F. replied "yes" about twenty seconds later. During a two-hour period that night, appellant and A.F. exchanged text messages stating that they had sent Snapchat messages and asking if the other person had received them.

Via Snapchat, A.F. sent appellant a nude picture of her upper body, and in return, appellant sent her a nude picture of himself. Appellant also sent A.F. a picture of his erect penis. They also sent each other videos in which appellant was nude and A.F.'s upper body was nude.

Evidence at Trial

Jason Sloan, an investigator with the Campbell County Sheriff's Office at the time of the offenses, testified that in addition to the text messages, he found photographs on appellant's iPad of a male subject with visible genitalia.[2] The Commonwealth attempted to introduce these photographs through Sloan. Counsel for appellant objected on the ground that they were not properly authenticated. The court sustained the objection. The Commonwealth recalled A.F.

_____

[1] "Snapchat is an image messaging mobile phone application in which a user can send a photograph or text message with a set time to expire. The receiving user can only view the text message or photograph for one to ten seconds before the image or text message expires and is automatically deleted from the mobile phone." State v. Bariteau, 884 N.W.2d 169, 172 n.1 (S.D. 2016). While Snapchat has changed its core features since the period in time in which A.F. and appellant were exchanging messages on the platform, A.F.'s testimony indicates that any messages sent between the two were automatically deleted after viewing.

[2] Sloan discovered during his investigation of appellant's electronic devices that appellant's iPhone had been "remotely wiped," and therefore he could not recover any data from the phone.

and asked her if she had received the photographs from appellant via Snapchat, to which A.F. responded in the affirmative. However, A.F. also acknowledged on cross-examination that during the period of time in which she and appellant were exchanging Snapchat messages, the application deleted photographs shortly after they were sent and they could not be saved. A.F. then testified that because the pictures were sent with Snapchat, the photographs she saw in court were not actually the pictures that were sent, but were just "similar." Also on cross-examination, A.F. was asked whether the pictures were a fair and accurate representation of the pictures sent to her by appellant, and she replied "yes." Counsel for appellant again objected to the introduction of the photographs, arguing that they still were not properly authenticated as the actual photographs sent to A.F. The trial court overruled the objection and admitted the photographs, specifically noting that A.F. had affirmed that the pictures were a fair and accurate representation of the photographs sent to her by appellant.

Investigator Dudley of the Campbell County Sheriff's Office testified that he interviewed appellant as a part of his investigation. Dudley testified that "[appellant's] story was just about the same as [A.F.'s]." Dudley testified that during the recorded interview, appellant admitted sending A.F. naked photographs and videos, and also admitted to asking A.F. for naked photographs and videos, a request with which she complied. Appellant told Dudley that exchanging the photographs was a counseling technique he used to help A.F. deal with prior sexual abuse that she had revealed to him. When asked during the interview how old A.F. was, appellant responded "fifteen I believe . . . fourteen, fifteen."

Appellant was convicted, after a jury trial, of use of a computer to solicit a minor, in violation of Code § 18.2-374.3, and taking indecent liberties with a child, in violation of Code § 18.2-370.

II.  ANALYSIS

A.  "Exposure" under Code § 18.2-370

On appeal, appellant argues that the trial court erred in finding the evidence sufficient to prove that he committed an act of exposure necessary for a conviction of taking indecent liberties under Code § 18.2-370.[3]

"We review the sufficiency of the evidence in the light most favorable to the Commonwealth, and only reverse the judgment of the circuit court when its decision is plainly wrong or without evidence to support it."  Farhoumand v. Commonwealth, 288 Va. 338, 351, 764 S.E.2d 95, 102 (2014).  "Nevertheless, when an appeal presents the question whether the facts proved, and the legitimate inferences drawn from them, fall within the language of a statute, we must construe statutory language to answer the question.  That function presents a pure question of law which we consider *de novo* on appeal."  Smith v. Commonwealth, 282 Va. 449, 453-54, 718 S.E.2d 452, 454 (2011).  "To the extent our analysis of the sufficiency of the evidence requires us to examine the statutory language, we review issues of statutory construction *de novo* on appeal."  Miller v. Commonwealth, 64 Va. App. 527, 537, 769 S.E.2d 706, 710 (2015).

---

[3] Appellant also argues that the trial court erred in finding the evidence sufficient to prove that appellant exposed himself under the use of a computer to solicit a minor statute, Code § 18.2-374.3.  However, in his motion to strike before the trial court, appellant only argued that the Commonwealth had failed to prove exposure under Code § 18.2-370.  Therefore, we do not address his argument regarding exposure under Code § 18.2-374.3 on appeal.  See Rule 5A:18; Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.").  Further, appellant's argument that he preserved this issue in his closing argument is incorrect.  "[I]n a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law.  Only a motion to strike the evidence accomplishes that objective in a jury trial."  Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991) (*en banc*).

Code § 18.2-370(A)(1) provides, in relevant part, that:

> Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally . . . [e]xpose[s] his or her sexual or genital parts to any child [under the age of 15 years] to whom such person is not legally married or propose[s] that any such child expose his or her sexual or genital parts to such person [is guilty of a Class 5 felony].

The appellate courts of Virginia have had numerous opportunities to examine the definition of "expose" under Code § 18.2-370. We begin, as many of these cases do, with an examination of the plain meaning of the word "expose." We do so because "the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." Meeks v. Commonwealth, 274 Va. 798, 802, 651 S.E.2d 637, 639 (2007) (quoting Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998)). "Thus, '[a]n undefined term must be given its ordinary meaning, given the context in which it is used.'" Id. (quoting Sansom v. Bd. of Supervisors, 257 Va. 589, 594-95, 514 S.E.2d 345, 349 (1999)).

In Farhoumand, 288 Va. 338, 764 S.E.2d 95, our Supreme Court reviewed several dictionary definitions of the word "expose" in an effort to discern whether the term "expose" as used in Code § 18.2-370 is limited to visual exposure, or included tactile exposure as well:

> Webster's Third New International Dictionary 802 (1993) defines expose as "to lay open to view" or "lay bare." It also offers the definitions to "make known" or "set forth," with the qualifying example: "[E]ach had started exposing his views." The Webster's New College Dictionary 252 (3rd ed. 2008), defines "expose" as "to lay bare or uncover." Merriam-Webster's Collegiate Dictionary 441 (11th ed. 2003), defines "expose" as "caus[ing] to be visible or open to view." In The American Heritage Dictionary of the English Language 625 (5th ed. 2011), "expose" is defined simply as "to make visible."

Id. at 343, 764 S.E.2d at 98. The Court concluded that each definition supported its holding that under Code § 18.2-370, "'expose' unambiguously means revealing one's genitalia to sight," thus a touching of genitals was not exposure under the statute. Id.

In this case, we find that the ordinary definitions of "expose" cited in Farhoumand support a finding that appellant's behavior constituted exposure under Code § 18.2-370. Here, appellant sent photographs of his genitals to A.F. via Snapchat. We find nothing in any of the dictionary definitions that indicates that he did not "expose" himself by doing so. Rather, appellant's Snapchat messages laid "open to view," "ma[d]e known," and "cause[d] to be visible" his genitals to A.F. The plain meaning of "expose" therefore supports the conclusion that the messages sent by appellant via Snapchat satisfy the "expose" element of Code § 18.2-370.

However, appellant argues that his conduct failed to constitute exposure because prior case law has established that exposure under this statute must occur (1) in the physical presence of the victim, and (2) contemporaneous with this physical presence. Appellant contends these requirements derive from two cases from this Court, Holley v. Commonwealth, 38 Va. App. 158, 562 S.E.2d 351 (2002), and Brooker v. Commonwealth, 41 Va. App. 609, 587 S.E.2d 732 (2003). We address each argument in turn.

Physical Presence

In Holley, defendant lived next door to a woman who operated a daycare center in her home. Holley, 38 Va. App. at 160, 562 S.E.2d at 352. On several occasions, the daycare provider saw defendant standing naked at the glass doors at the back of his home. Id. Two parents dropping their children off at daycare also observed defendant standing naked behind his glass doors. Id. at 161, 562 S.E.2d at 352. After the daycare provider reported defendant to the police, a police officer conducting surveillance observed defendant naked at the glass doors, masturbating. Id. at 161, 562 S.E.2d at 352-53. On appeal, defendant argued that the evidence was insufficient for a conviction under Code § 18.2-370 because he did not display his genitals

- 6 -

"in the 'presence' of the children." Id. at 163, 562 S.E.2d at 354. This Court affirmed defendant's conviction, utilizing two cases in our analysis. Id. at 163-64, 562 S.E.2d at 354. In the first case, Siquina v. Commonwealth, 28 Va. App. 694, 697, 508 S.E.2d 350, 352 (1998), we considered whether a victim must actually see the genital parts in order for one to have exposed them. We concluded that this is not necessary, holding that Code § 18.2-370 "proscribes the intentional display by an adult, with lascivious intent, of his or her genitals *in the presence of a child* where a reasonable probability exists that they might be seen by that child, regardless of the child's actual perception of such a display." Id. at 699, 508 S.E.2d at 353 (emphasis added). In the second case, Noblett v. Commonwealth, 194 Va. 241, 244, 72 S.E.2d 241, 243 (1952), our Supreme Court relied on common law principles to support a conviction of indecent exposure. The Court in Holley cited Noblett for the proposition that "[a]n indecent exposure must be either in the actual presence and sight of others, or in such a place or under such circumstances that the exhibition is liable to be seen by others." Holley, 38 Va. App. at 164, 562 S.E.2d at 354 (quoting Noblett, 194 Va. at 245, 72 S.E.2d at 243-44). Examining the facts of the case in Holley—defendant's exposure behind glass doors near a home used as a daycare center—the Court found that "[t]he instant case falls squarely within the rationale of Siquina and Noblett." Id. The evidence proved that appellant's exposure "was in the 'presence of the children' because a 'reasonable probability exist[ed] that [defendant] might be seen by [the children].'" Id. at 165, 562 S.E.2d at 354 (quoting Siquina, 28 Va. App. at 699, 508 S.E.2d at 353).

Appellant argues that Holley compels us to conclude that he did not "expose" himself under Code § 18.2-370 because he was not in the physical presence of A.F. during the exposure. However, we do not find such a limitation in Holley. The determinative question in Holley, after a discussion of the relevant principles from Siquina and Noblett, was whether a "reasonable

probability exist[ed] that [defendant] might be seen by [the children]." Id. (quoting Siquina, 28 Va. App. at 699, 508 S.E.2d at 353). Further, while Siquina's holding includes the language "in the presence of a child," that specific language does not reference a definition of "expose" under Code § 18.2-370; rather, that language concerns what type of behavior is "proscribe[d]" under Code § 18.2-370. In both cases, the issue was whether the exposures were sufficient despite the victims not having actually seen the genital parts. As such, we find nothing in the language of either Holley or Siquina that places a limitation on the term "expose" by requiring that, to satisfy Code § 18.2-370, the exposure must occur in the physical presence of the victim.

This conclusion is further compelled by the other case cited in support by appellant, Brooker, 41 Va. App. 609, 587 S.E.2d 732. In Brooker, a police detective posed as a twelve-year-old girl named "Kim" while conducting computer online investigations. Id. at 611, 587 S.E.2d at 733. The detective, as "Kim," had three separate text message conversations with defendant via an instant message internet chat room. Id. at 612, 587 S.E.2d at 733. During the first "chat," defendant sent "Kim" two photographs of himself in which his genitals were exposed. Id. at 612, 587 S.E.2d at 734. During the second "chat," defendant removed his pants and, by means of a web camera, transmitted live pictures of himself exposing his genitals. Id. The detective testified that defendant's web camera allowed him to "see what [defendant] was doing" at that time. Id. During defendant and "Kim's" third exchange, defendant removed his pants and masturbated in front of the web camera. Id. at 613, 587 S.E.2d at 734. Defendant argued that the evidence was insufficient to prove that he attempted to expose himself to a minor in violation of Code § 18.2-370, because the parties were located in separate cities at the time of the incident and because he exposed his genitals by means of the internet and not in a public location. Id. at 615-16, 587 S.E.2d at 735.

Our Court rejected these arguments, and in doing so relied upon the following principles:

> Expose has been defined as "'to put on show or display,'" "'to lay open to view,'" "'to display,'" "'to offer to the public view.'" Siquina v. Commonwealth, 28 Va. App. 694, 698, 508 S.E.2d 350, 352 (1998) (citations omitted). "'Exposure of [a] person becomes indecent when it occurs at such time and place where [a] reasonable person knows or should know his act will be open to observation of others.'" Id. (citing Black's Law Dictionary 768 (6th ed. 1990)). "'An indecent exposure must be either in the actual presence and sight of others, or in such a place or under such circumstances that the exhibition is liable to be seen by others.'" Holley v. Commonwealth, 38 Va. App. 158, 164, 562 S.E.2d 351, 354 (2002) [(quoting Noblett v. Commonwealth, 194 Va. 241, 245, 72 S.E.2d 241, 243-44 (1952))].

Id. at 616, 587 S.E.2d at 735-36. Applying these principles, our Court found that the evidence demonstrated that defendant's behavior constituted exposure under the statute. Id. at 617, 587 S.E.2d at 736. We noted that defendant "twice transmitted to someone, whom he believed was a minor, live images of his genital parts by means of a computer and a web camera so that the minor could see [defendant's] genital parts at the time of the exposure." Id. at 616, 587 S.E.2d at 736. Thus, it was reasonable to conclude from this evidence that appellant "knowingly and intentionally exposed his genitals to a person whom he believed to be a minor." Id. Further, screenshots of the detective's computer screen, showing appellant's genitals and dated the same as the instant message chat conversations between "Kim" and defendant, provided evidence from which the trial judge could conclude that "appellant knew that the exposure of his genitals in front of his activated web camera was 'liable to be seen' by the minor at the time of the exhibition because 'Kim' was engaged in an instant message internet conversation with appellant at the time of the displays." Id. at 616-17, 587 S.E.2d at 736.

A review of Brooker clearly demonstrates that appellant is incorrect in his assertion that exposure must occur in the physical presence of the victim; in Brooker, "Kim" and the defendant were in different cities at the time of the exposure. Rather, we hold that the central principle

concerning "presence" and exposure derives from the common law principle found in Noblett and quoted in both Holley and Brooker—"expose" under Code § 18.2-370 requires exposure (1) "in the actual presence and sight of others," *or* (2) "in such a place or under such circumstances that the exhibition is liable to be seen by others." Noblett, 194 Va. at 245, 72 S.E.2d at 243-44.

In the instant case, we find that appellant did expose himself as required under Code § 18.2-370, as he exposed himself under such circumstances that his exposure was "liable to be seen by others." Id. at 245, 72 S.E.2d at 244. A.F. testified that she and appellant exchanged nude photos and videos of themselves. Appellant also admitted in a police interview to sending naked pictures of himself to A.F., and receiving naked pictures of A.F. from the waist up. In addition, the evidence specifically demonstrated that on the evening of October 27, 2015, appellant asked A.F. if she used Snapchat, and asked her to "add" him to hers. In a text message, appellant gave A.F. his user name on Snapchat, and then asked her if she had received a Snapchat from him. This exchange shows that appellant exposed himself "in such a place or under such circumstances that the exhibition [was] liable to be seen by others." Id. By ensuring that A.F. had his correct user name, and then confirming that she had received a Snapchat from him, appellant was clearly exposing himself to A.F. in a manner "liable to be seen" by her. Therefore, appellant's behavior satisfied the "physical presence" or "liable to be seen" requirement under Code § 18.2-370.

Contemporaneous Exposure

Appellant, relying on Brooker, further argues that the Commonwealth failed to prove that he exposed himself under Code § 18.2-370 because his exposure was not "contemporaneous" with A.F.'s presence. He argues that the Court in Brooker reasoned that defendant's behavior constituted exposure under Code § 18.2-370 because the explicit images were transmitted "live

- 10 -

and in real time," thus providing a requirement that exposure under the statute be contemporaneous with the victim viewing the explicit parts.

Contrary to appellant's contention, the facts in this case fall squarely within the reasoning of Brooker. Here, while the images were not shared "live," we find that as in Brooker they were shared "at the time of the exposure." As noted above, text messages entered into evidence show that during a two-hour period on October 27, 2015, appellant and A.F. discussed sending Snapchat messages to each other. The record of the text messages reflects that their conversation via text message occurred at the same time as their exchange of explicit Snapchat messages. At one point during their text messages, appellant asked A.F. if she had received his Snapchat message, and she responded in the affirmative within twenty seconds. We find that this evidence supports the conclusion that A.F. viewed appellant's genitals "at time of the exposure." Brooker, 41 Va. App. at 616, 587 S.E.2d at 736.

### B. Knowledge of the Age of the Victim Under Code § 18.2-374.3

On appeal, appellant also challenges his use of a computer to solicit a minor conviction under Code § 18.2-374.3(C). He argues that the trial court erred in finding the evidence sufficient for the five-year mandatory minimum sentence to apply because the Commonwealth failed to prove that appellant knew or had reason to believe that A.F. was younger than fifteen years of age.

"A verdict of the jury, upon which the trial court enters judgment, settles all conflicts of testimony in favor of the prevailing party and entitles that party to all just inferences deducible therefrom." Hix v. Commonwealth, 270 Va. 335, 341, 619 S.E.2d 80, 83 (2005). "We view the evidence in the light most favorable to the Commonwealth, as the prevailing party, and will not set aside the verdict unless it is plainly wrong or without evidence to support it." Id.

In order to convict a defendant of violating Code § 18.2-374.3(C), the trial court must find, *inter alia*, that the individual was communicating with "any person he knows or has reason to believe is a child younger than 15 years of age."[4] In addition, Code § 18.2-374.3(C) provides in its sentencing language that an individual convicted under that subsection shall receive at least a five-year sentence if he "is at least seven years older than the child he knows or has reason to believe is less than 15 years of age."

Contrary to appellant's argument, there is sufficient evidence in the record to support the finding that appellant knew or had reason to believe A.F. was less than fifteen years of age. A.F. was fourteen and in eighth grade during the period in which the solicitation occurred. To participate in the church's youth group, she completed a medical release form setting forth her age and birthday and provided that form to the church. Appellant was the youth pastor at the church and A.F.'s counselor there. A.F. testified that she never told appellant that she was older than fourteen. Based upon this evidence, the jury could reasonably infer that appellant, as the youth pastor at the church, would have seen A.F.'s medical release form and therefore have had reason to believe that she was fourteen years old.

Additionally, in his interview with Investigator Dudley, appellant himself stated that appellant was "fifteen I believe . . . fourteen, fifteen." The recording of this interview was

---

[4] The relevant portion of Code § 18.2-374.3(C) reads as follows:

> It is unlawful for any person 18 years of age or older to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child younger than 15 years of age to knowingly and intentionally:
>
> 1. Expose his sexual or genital parts to any child to whom he is not legally married or propose that any such child expose his sexual or genital parts to such person . . . .

played for the jury, who, as the trier of fact, had the ability to determine what tone or emphasis appellant placed on each age. Here, the jury, sitting as finder of fact, was not plainly wrong or without evidence in its finding that appellant knew or had reason to believe that A.F. was fourteen.

## C. Admission of Photographs

Finally, appellant argues that the trial court abused its discretion by allowing photographs found on appellant's iPad to be admitted without proper authentication. Appellant contends the Commonwealth failed to offer an adequate foundation for the admission of the photographs because A.F. testified that the photographs were only similar to those she received via Snapchat, and also that the Snapchat application deleted photographs after they were sent. Assuming without deciding that the trial court erred in admitting the photographs, we conclude any error was harmless.

We "will not reverse a trial court for evidentiary errors that were harmless to the ultimate result." Shifflett v. Commonwealth, 289 Va. 10, 12, 766 S.E.2d 906, 908 (2015). Code § 8.01-678 requires harmless error review before any judgment is reversed. The test for non-constitutional harmless error under Code § 8.01-678, as adopted by the Supreme Court of Virginia, is as follows:

> If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand.

Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)). An error is harmless "[i]f other evidence of guilt is so overwhelming and the error insignificant, by comparison, supporting a conclusion that the

error did not have a substantial effect on the verdict." Angel v. Commonwealth, 281 Va. 248, 268, 704 S.E.2d 386, 398 (2011).

In the instant case, appellant admitted, on an audio recording entered into evidence, that he sent nude photographs and videos of himself to A.F. via Snapchat. A.F. testified that she received these nude photographs and videos. Text messages introduced into evidence showed appellant and A.F. communicating about sending photographs via Snapchat to each other. As there was abundant evidence in the record demonstrating that appellant did in fact send photographs of his genitals to A.F., we can say that the erroneous admission of the nude photographs allegedly of appellant found on his iPad "did not influence the jury, or had but slight effect," thus rendering the error harmless. Clay, 262 Va. at 260, 546 S.E.2d at 731.

### III. CONCLUSION

We hold that the trial court did not err in finding sufficient evidence that appellant exposed himself under Code § 18.2-370 and in finding sufficient evidence that appellant knew or should have known A.F. was less than fifteen years old under Code § 18.2-374.3(C). In addition, if the trial court erred in the admission of photographs, any such error was harmless. Consequently, we affirm appellant's convictions.

Affirmed.