COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Chaney

DARREN ANTONIO BENNETT, SR.

MEMORANDUM OPINION*
v.      Record No. 0995-22-3                                   PER CURIAM
                                                              JANUARY 31, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

(Aaron B. Houchens; Aaron B. Houchens, P.C., on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Justin B. Hill, Assistant
Attorney General, on brief), for appellee.

Darren Antonio Bennett, Sr. appeals his conviction, following a jury trial, for statutory

burglary, in violation of Code § 18.2-91.[1]  Bennett asserts that the evidence was insufficient to prove

a breaking.  After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a);

Rule 5A:27(a).  Accordingly, we affirm the circuit court's judgment.

BACKGROUND

On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth."

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v.*

*Hudson*, 265 Va. 505, 514 (2003)).  That principle requires us to "discard the evidence of the

accused in conflict with that of the Commonwealth, and regard as true all the credible evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Bennett was also convicted of petit larceny.  He does not challenge that conviction on
appeal.

favorable to the Commonwealth and all fair inferences that may be drawn therefrom." *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc) (quoting *Watkins v. Commonwealth*, 26 Va. App. 335, 348 (1998)).

On May 18, 2021, at 6:50 a.m., a security alarm was activated at The Pawn Shop on Orange Avenue in Roanoke. David Cubas, co-owner of the store, learned of the alarm at 7:30 a.m. and went to check on the store. When he arrived, Cubas noticed that the lock on the storage side of the store was broken. Cubas informed his partner and the affiliated pawn shop on Ninth Street about the potential break-in. He then reviewed the surveillance footage from the early morning hours and called police.

Roanoke City Police Officer Jay Martinez investigated the burglary. Officer Martinez assessed the lock on the storage door, the storage unit itself, and reviewed the surveillance footage. The footage showed a man in an orange shirt entering the pawn shop through the broken storage door and exiting with several items at 6:50 a.m. The man entered and exited twice more before leaving in a dark SUV.

Later that day, Ramon Ramirez, Cubas' employee, was working at the Ninth Street pawn shop. Video footage from the shop showed a man in an orange shirt enter the store and attempt to sell a sound bar. Ramirez explained that to sell merchandise to the store an individual must provide identification. The man in orange provided a passport identifying himself as Darren Bennett. Ramirez recognized that the sound bar had come from the Orange Avenue location because his own handwriting was on the box. Ramirez refused to buy the item, and the man left. Ramirez immediately called Cubas and reported the incident. Bennett was later arrested.

At the close of the Commonwealth's evidence, Bennett moved to strike the evidence. He argued that the Commonwealth failed to establish the value of the items stolen was at least

$1,000. The circuit court denied his motion. Bennett renewed his motion to strike on the same basis, which the circuit court also denied.

In closing argument to the jury, Bennett argued that he did not break the lock on the storage door and that the value of the property was less than $1,000. The jury rejected Bennett's arguments and convicted him of statutory burglary and petit larceny. The circuit court sentenced Bennett to one year and six months' active incarceration. Bennett now appeals.

ANALYSIS

On appeal, Bennett only asserts that the Commonwealth failed to prove a breaking occurred. He argues that there is no direct evidence that he tampered with the lock and the evidence at trial did not establish when the lock was broken or by whom. The Commonwealth asserts that Bennett did not preserve this argument on appeal. We agree that Bennett did not present this argument to the circuit court.

Rule 5A:18 requires that an "objection [be] stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Pursuant to the rule, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc). In a jury trial, the defendant preserves his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case if he elects to not introduce evidence of his own, or in a motion to strike at the conclusion of all the evidence or a motion to set aside the verdict if he does elect to introduce evidence of his own. *See Murillo–Rodriguez v. Commonwealth*, 279 Va. 64, 84 (2010).

In his argument to the circuit court at his motion to strike and his renewed motion to strike, Bennett did not argue that a breaking did not occur. Instead, he argued only that the value of the merchandise stolen was less than $1,000. In Bennett's *pro se* motion to reconsider his sentence,

Bennett only requested that the circuit court sentence him to a therapeutic docket or rehabilitation program rather than active incarceration. Although Bennett argued to the jury in closing argument that a breaking did not occur, an argument to the jury regarding the weight of the evidence is not sufficient to preserve a challenge that the evidence was insufficient as a matter of law. *See Hillman v. Commonwealth*, 68 Va. App. 585, 591 n.3 (2018). Moreover, Bennett has not asked that we apply either the good cause or ends of justice exceptions to this issue, and we will not do so sua sponte. *See Edwards*, 41 Va. App. at 761. Accordingly, Bennett did not properly preserve the issue of whether a breaking occurred, and we will not consider it on appeal.

## CONCLUSION

We find that Bennett failed to preserve his argument for appeal, and we therefore do not consider the argument on its merits. Accordingly, we affirm the circuit court's decision.

*Affirmed.*