COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Fulton and Lorish
Argued at Norfolk, Virginia

**PUBLISHED**

D'ANDRE DAVON BALLARD

v.        Record No. 1698-23-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE LISA M. LORISH
NOVEMBER 6, 2024

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge[1]

Daniel B. Winegard, Assistant Public Defender, for appellant.

Andrew T. Hull, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Ordinarily, the Commonwealth may prosecute a defendant under multiple, similar

statutes for the same criminal conduct.  When a defendant willfully discharges a firearm in a

public place, however, the General Assembly requires the Commonwealth to elect between

prosecuting a defendant under Code § 18.2-280(A) and "any other applicable provision of law

instead of this section."  Code § 18.2-280(E).  D'Andre Ballard argues that, given this restriction,

the Commonwealth could not prosecute him both for willfully discharging a firearm in a public

place and for being a felon in possession of a firearm.  We disagree with Ballard that "any other

applicable provision of law" refers to any law that concerns firearms.  Instead, another statute is

only "applicable" if it relies on the same criminal act of discharging a firearm.  Thus, we affirm

the trial court.

---

[1] The Honorable C. Peter Tench presided over Ballard's plea and sentencing hearing, and
the Honorable Matthew W. Hoffman presided over his motion to dismiss.

BACKGROUND

After hearing a nearby gunshot, Newport News Police Officer O. Martin went to investigate. At the location where the shot came from, she saw Ballard sitting inside a pickup truck and a shell casing on the sidewalk nearby. After removing Ballard from the truck, Officer Martin found a gun on the rear floorboard about two feet away from where he had been sitting.

Officer Martin learned that Ballard had five prior felony convictions. She charged him with (1) felony possession of a firearm by a felon in violation of Code § 18.2-308.2, (2) misdemeanor reckless handling of a firearm in violation of Code § 18.2-56.1, and (3) misdemeanor shooting in a public place in violation of Code § 18.2-280.[2] The Newport News General District Court convicted Ballard of the two misdemeanor charges and certified the felon in possession charge to the circuit court.

Ballard appealed only his conviction for reckless handling of a firearm to the circuit court. As such, Ballard had a final conviction for shooting in a public place and two pending charges in circuit court for reckless handling of a firearm and being a felon in possession of a firearm. Ballard moved to dismiss, arguing that under the plain language of Code § 18.2-280(E), the Commonwealth had to elect between prosecution under Code § 18.2-280(A) and "other applicable provision[s] of law" and that because Ballard had already been convicted of shooting in a public place under Code § 18.2-280(A), the Commonwealth was precluded from also prosecuting him for the other two "applicable" charges. The Commonwealth argued that Code § 18.2-280(E) prevented multiple prosecutions for "the same exact behavior" and that discharging a firearm in a public place was different behavior than the status offense of being a

_____

[2] Ballard was also charged with violation of a city ordinance, which is not at issue in this appeal.

- 2 -

felon in possession of a firearm. The Commonwealth conceded, however, that it could not prosecute for the reckless handling of a firearm because the conduct there was the same.

The circuit court granted Ballard's motion to dismiss the reckless handling charge, finding it to be an "applicable provision of law" under Code § 18.2-280(E) but denied the motion as to the felon in possession of a firearm charge because "possession of a firearm by [a] convicted felon is a status offense and not [a]n other applicable provision[] of the law." Ballard entered an *Alford*[3] plea, conditioned on his ability to appeal the arguments raised in his motion to dismiss. The circuit court sentenced Ballard to five years with one year and six months suspended.

## ANALYSIS

Ballard argues that Code § 18.2-280(E) precluded the Commonwealth from prosecuting him both for shooting in a public place and for being a felon in possession of a firearm. This is a straightforward matter of statutory interpretation, and thus "a question of law that we review de novo." *Morris v. Commonwealth*, 77 Va. App. 510, 514 (2023) (en banc).

Our basic rules for statutory interpretation are well-established. "The 'primary objective of statutory construction is to ascertain and give effect to legislative intent.'" *Grethen v. Robinson*, 294 Va. 392, 397 (2017) (quoting *Turner v. Commonwealth*, 226 Va. 456, 459 (1983)). The lodestar for intent is "the plain meaning of the language used" in the statute. *Street v. Commonwealth*, 75 Va. App. 298, 306 (2022) (quoting *Hillman v. Commonwealth*, 68 Va. App. 585, 592-93 (2018)). When a statute is "clear and unambiguous," we do not look past the text unless "a literal construction would result in a manifest absurdity." *Hubbard v. Henrico Ltd. P'shp.*, 255 Va. 335, 339-40 (1998). We evaluate the statute's language in the context "of the entire statute" because "it is our duty to interpret the several parts of a statute as a consistent

---

[3] *North Carolina v. Alford*, 400 U.S. 25 (1970).

and harmonious whole." *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012) (quoting *Eberhardt v. Fairfax Cnty. Emps' Ret. Sys. Bd. of Trs.*, 283 Va. 190, 194-95 (2012)).

Code § 18.2-280 criminalizes the willful discharge of firearms in public places:

> A. If any person willfully discharges or causes to be discharged any firearm in any street in a city or town, or in any place of public business or place of public gathering, and such conduct results in bodily injury to another person, he shall be guilty of a Class 6 felony. If such conduct does not result in bodily injury to another person, he shall be guilty of a Class 1 misdemeanor.

The penalty varies depending on where the act occurs and whether any injuries result. This appeal turns on the final paragraph of the statute:

> E. Nothing in this statute shall preclude the Commonwealth from electing to prosecute under any other applicable provision of law instead of this section.

Code § 18.2-280(E).

The parties agree that, by using the words "elect," and "instead," the General Assembly made its intentions clear that the Commonwealth can prosecute under either Code § 18.2-280 or "any other applicable provision of law." This is the only statute in the Code to use such language, which sharply contrasts with the provision found in several other Virginia criminal statutes: "The provisions of this section *shall not preclude* prosecution under any other statute." *See, e.g.*, Code §§ 18.2-386.2, 18.2-51.7, 58.1-1017.3, 18.2-204.1, 18.2-461.1, 18.2-177.1 (emphasis added). "Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning . . . ." *Woolfolk v. Commonwealth*, 18 Va. App. 840, 847 (1994). We agree with the parties that there is no ambiguity in the statute. The plain language

allows the Commonwealth to prosecute an offense under Code § 18.2-280, but if it does, it cannot also "prosecute under any other applicable provision of law."[4]

The more difficult question is what the General Assembly meant by "any other *applicable* provision of law." Code § 18.2-280(E) (emphasis added). The answer is easier when we think about the statute this way: if the Commonwealth prosecutes under Code § 18.2-280, it cannot also prosecute under any other law that applies to *something*. We must determine what that something is.

At one extreme, the answer could be "applies to the defendant." Such an interpretation, taken literally, would preclude the Commonwealth from prosecuting a particular defendant for any other offense regardless of its nexus to the offense described in Code § 18.2-280. Under this construction of the statute, if the Commonwealth prosecutes a defendant for the public discharge of a firearm, it will be precluded from also prosecuting him for the possession of controlled substances, resisting arrest, or reckless driving. This interpretation cannot reflect the General Assembly's intent as it would render the word "applicable" meaningless. If the General Assembly intended to preclude all other prosecutions of the same person, the statute would have simply said "under any other provision of law instead of this section."

At the other extreme, the answer could be "applies to the exact same elements of the offense criminalized in Code § 18.2-280." The problem with this interpretation is that it would preclude the Commonwealth from doing precisely what the constitutional prohibition against double jeopardy already forbids. We assume the General Assembly is aware of our prior cases interpreting this constitutional doctrine and that it included this language for some purpose beyond stating what would be true of any statute and any prosecution. *See Washington v.*

---

[4] A panel of our Court previously reached the same conclusion in an unpublished decision, *Green v. Commonwealth*, No. 0344-17-1 (Va. Ct. App. Feb. 13, 2018).

*Commonwealth*, 46 Va. App. 276, 281 (2005) (en banc) (assuming legislature is familiar with our prior cases and enacts legislation with those interpretations in mind).

To give effect to the language "applicable provision," we conclude that the answer is "applicable to the same criminal act." Thus, if the Commonwealth elects to prosecute an act under Code § 18.2-280, the statute prevents the Commonwealth from also prosecuting the same act under any other statute. The correct focus, then, is on the criminal act in a given case, and not on the comparison of statutory elements. In reaching this conclusion, we reject Ballard's suggestion that we should instead find another statute is an "applicable provision" merely because it also involves the same object, a firearm, in any way. Nothing in the text of the statute supports such a strained interpretation. Instead, as used in Code § 18.2-280(E), another statute is "applicable" if it criminalizes the same criminal act.

Because the inquiry is fact-specific, there is no other statute that is categorically barred from being charged along with Code § 18.2-280. But if a single discharge of a firearm forms the basis for prosecution under Code § 18.2-280, it cannot simultaneously serve as the basis for an additional prosecution under a different statute. This interpretation follows the apparent purpose of the "any other applicable provision" language—to prevent the Commonwealth from "stacking" the crime of public discharge on top of any other crime that involves discharging that same firearm. With that said, the Commonwealth is never required to prosecute under Code § 18.2-280 instead of one (or more) other qualifying statutes.

Applying this interpretation here, the felon in possession of a firearm statute is not an "applicable provision of law" to Ballard's criminal act of improperly discharging a firearm. The act of possessing a firearm is different from the act of discharging a firearm, even though a person must possess a firearm in order to use it. Here, Ballard also possessed the firearm in the moments before he discharged it, and he continued to possess the firearm after he discharged it.

- 6 -

As a status offense, Code § 18.2-308.2 makes his *possession* of the firearm criminal at each point along that timeline. By contrast, the criminal act of *discharging* the firearm is the sole basis for the charge under Code § 18.2-280. Thus, Ballard's single discharge of the firearm was not the same criminal act underlying the felon in possession of a firearm charge. The circuit court was correct, therefore, to deny Ballard's motion to dismiss the felon in possession of a firearm charge because it is not an "applicable provision of law" under these facts.

CONCLUSION

For these reasons, we affirm the circuit court.

*Affirmed.*