Richmond

DARNELL FORD

v.

COMMONWEALTH OF VIRGINIA

No. 1276-87-2

Decided April 24, 1990

COUNSEL

Gary A. Hicks, for appellant.

David A. Rosenberg, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Darnell Ford was convicted in a bench trial of solicitation of oral sodomy in violation of Code § 18.2-29. On appeal, he argues that the evidence was insufficient to sustain his conviction. We agree and therefore, we reverse the decision of the trial court.[1]

At trial, the evidence showed that in the early afternoon of April 13, 1987, Sydney Wilson and Patricia Weiss were in Weiss' car at the McDonald's drive-through restaurant in Ashland. Both Wilson and Weiss were students at Randolph-Macon College. They had returned to the drive-through lane of the restaurant to correct a mistake in their order. While waiting at the drive-through window, they saw Darnell Ford, a McDonald's employee, walk toward the driver's side of the car where Weiss was seated. The car windows were open. Ford leaned against the car, behind the driver, and asked Weiss and Wilson if they went to Randolph-Macon. They said "yes," and resumed their conversation. They then heard Ford mumble something. Weiss turned and asked him what he wanted. Ford replied that he wanted sex and then stated: "I want to lick your pussy." Wilson and Weiss immediately rolled up the car windows. They remained inside the car with the windows up until a woman returned with their food. Weiss rolled

---

[1] Ford was originally indicted on two counts of solicitation of oral sodomy. The trial court granted counsel's motion to strike one of the counts, entering instead a finding of guilt on the misdemeanor charge of abusive language. Although Ford referred to that conviction in his notice of appeal, he did not address it on appeal. Therefore, we do not consider that conviction.

down her window and asked the woman for Ford's name but she did not respond. Ford then volunteered his name.

Weiss and Wilson pulled their car over to the front of the McDonald's and went inside and spoke with the manager. As they returned to their car, Ford said from approximately ten feet away: "I will get you, I will find you." Wilson and Weiss got back in the car and drove off. During both of the exchanges between Ford and the women, Ford made no movement toward the car after initially walking up to it, nor did he offer the women money or ask them to get out of the car.

Ford was convicted pursuant to Code § 18.2-29, which reads: "Any person who commands, entreats or otherwise attempts to persuade another person to commit a felony, shall be guilty of a Class 6 felony." Ford argues that his conduct did not amount to criminal solicitation as governed by Code § 18.2-29. Rather, he contends that he simply was expressing his own desire in response to a question posed by the women. He alleges that this conduct was not intended to incite anyone to commit a crime nor was it understood by the women as such.

The Commonwealth argues that the evidence was sufficient to sustain a conviction under Code § 18.2-29, since solicitation requires merely an attempt to persuade another to commit a felony, not the performance of an overt act. Thus, the Commonwealth contends that Ford's statements, standing alone, constituted an attempt on his part to persuade the driver of the car to commit oral sodomy. We disagree.

In defining the common law crime of solicitation, the Supreme Court has stated: "[T]o invite or solicit one to commit crime, where no attempt is actually made to commit it, at least in some cases, is indictable at common law as solicitation. Solicitation, or inciting to crime, does not proceed to the point of some overt act in the commission of crime." *Wiseman v. Commonwealth*, 143 Va. 631, 637-38, 130 S.E. 249, 251 (1925). Indeed, the act of solicitation may be completed before any attempt is made to commit the solicited crime, *Pedersen v. City of Richmond*, 219 Va. 1061, 1067-68, 254 S.E.2d 95, 99 (1979), and it is "immaterial whether the solicitation is of any effect and whether the crime solicited is in fact committed. . . . [since] [t]he gist of this offense is incitement." *Huffman v. Commonwealth*, 222 Va.

823, 827, 284 S.E.2d 837, 840 (1981) (quoting *Cherry v. State*, 18 Md. App. 252, 306 A.2d 634 (1973)). The conduct constituting the act of solicitation must, however, be done with the intent "to induce another to act." *Pedersen*, 219 Va. at 1067, 254 S.E.2d at 99. In the case before us, we conclude that the words uttered by Ford did not rise to the level of incitement to criminal activity and, therefore, standing alone, are insufficient to sustain a conviction for criminal solicitation.

We find that the case presented here is distinguishable from both *Huffman* and *Pedersen*, cases in which solicitation convictions were upheld. In *Huffman*, the defendant contacted Thomas Burton, a restaurant manager, telling him she needed to hire someone to kill a housewife. She had two phone conversations with Burton and then met with him. During the meeting, she discussed various methods which could be used to kill the victim. The Supreme Court concluded that the offense was committed at the completion of the conference between Burton and the defendant. *Huffman*, 222 Va. at 828, 284 S.E.2d at 840. In *Pedersen*, the defendant was convicted of solicitation of sodomy.[2] In that case, the defendant engaged in approximately one-half hour of conversation with a police officer regarding the defendant's interest in having sex with the officer and in seeing the officer naked. This discussion occurred after Pedersen had invited the officer into his car and parked in a remote area. Finally, when asked specifically by the officer as to whether his desire was to engage in sexual activity, Pedersen responded affirmatively.

■ "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

[2] Pedersen was convicted pursuant to a Richmond ordinance, not Virginia Code § 18.2-29. The Richmond ordinance reads as follows: "It shall be unlawful for any person, within the limits of the city, to solicit another by word, sign or gesture, to commit any act which is lewd, lascivious, or indecent, or to solicit for the purpose of prostitution."

Applying this standard of review, we find that the trial court's decision was without evidentiary support. Ford's statements were no more than the expression of his own desire and did not constitute a command, entreaty or attempt to persuade either Wilson or Weiss to engage in oral sodomy. The initial conversation between Ford and the two women lasted no more than a minute. It consisted of three exchanges: (1) Ford asking, "Are you Randolph-Macon students?" to which Weiss and Wilson replied, "Yes"; (2) mumbling by Ford, to which Weiss asked, "What do you want?"; and (3) Ford stating, "I want sex, I want to lick your pussy," to which they did not respond, but Weiss rolled up her car window.

The second encounter, which occurred several minutes after the first, was one-sided: Ford stating, "I'll get you, I'll find you." Neither Weiss nor Wilson was certain which of them was the intended recipient of Ford's remarks. On this record, we find that the trial court was plainly wrong in concluding that the Commonwealth had sustained its burden of proving that Ford spoke to Weiss or Wilson with the intent "to induce" either of them to act.

Accordingly, we reverse the decision of the trial court and dismiss the indictment.

*Reversed and dismissed.*

Barrow, J., and Coleman, J., concurred.