COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


GREGORY MICHAEL BLOOM
                                        OPINION BY
v.   Record No. 2286-99-3     JUDGE RUDOLPH BUMGARDNER, III
                                      FEBRUARY 27, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                  Diane McQ. Strickland, Judge

          Christopher K. Kowalczuk for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     A jury convicted Gregory Michael Bloom of attempting to

take indecent liberties with a child under the age of fourteen

and solicitation to commit sodomy, in violation of Code

§§ 18.2-370(5) and 18.2-29.  On appeal, he contends the trial

court erred in admitting statements as party admissions and in

finding the evidence sufficient to convict.  Finding no error,

we affirm.

     The Commonwealth introduced internet communications between

the thirteen-year-old victim and someone identified as

"Philter425."  The defendant contends the trial court erred in

permitting the victim to state the contents of communications

made to her by Philter425.  The defendant argues the statements

were hearsay because no evidence proved he made them.  The issue

is whether the evidence sufficiently identifies "Philter425" as an alias the defendant used to make the communications.

The victim's mother complained to the police that an adult male was communicating with her daughter over the internet. She reported the man identified himself as Philter425 and had asked the thirteen-year-old girl to meet him. On February 5, 1999 Detective Scott Smith began investigating the complaint by logging on the internet using the victim's internet identification, "Nikki4403." He addressed an "instant message"[1] to Philter425. Approximately fifteen minutes later Philter425 responded, and Smith, posing as Nikki4403, corresponded with Philter425 by instant exchange of messages over the internet.

During the exchange,[2] the topic turned to sex, and Philter425 proposed that they meet and have sexual relations.

---

[1] An instant message permits parties to connect simultaneously over the internet. As the party sending a message types the message, it instantaneously appears on the computer screen of the addressee. The communications link is continuous, and the exchange of messages is immediate.

[2] That conversation, which was admitted into evidence, provided, in part, as follows:

| | |
|---|---|
| Philter425: | hey, baby . . . what's the scoop? |
| Nikki4403: | just chillin |
| Philter425: | are you ungrounded now |
| Nikki4403: | yea kinda |
| Philter425: | kinda? |
| Nikki4403: | can get out tonight |
| Philter425: | you can :0) |
| Nikki4403: | what ya have in mind |
| Philter425: | letting you meet my daughter so you can babysit tomorrow |

-

They arranged to meet at a specific pay phone of a particular Burger King restaurant at 10:30 p.m. Philter425 advised he would be driving a silver Toyota Tercel. The police went to the designated place, and just after 10:30 p.m., the defendant drove his silver Toyota Tercel into the Burger King parking lot. A young child rode in the back of the car. The defendant paused near the pay phone but then drove off. The police stopped him a short distance away.

Detective Smith questioned the defendant about the communications with Nikki4403. Smith showed the defendant a verbatim printout of those communications, and the defendant

---

|            |                                                                      |
|------------|----------------------------------------------------------------------|
|            | for me :0) or whatever you want to do                                |
| Nikki4403: | not babysit<br>I'm alone its cool                                    |
| Philter425: | getting drunk and having wild monkey sex                            |
| Nikki4403: | sounds like a plan                                                   |
| Philter425: | cool                                                                 |
| Nikki4403: | what sex do you like                                                 |
| Philter425: | good sex<br>what do you mean                                         |
| Nikki4403: | how do you like it                                                   |
| Philter425: | we'll play that part as it comes . . . I like what you said before about just chillin<br>Is that cool? |
| Nikki4403: | I'm for anything but up the ass                                      |
| Philter425: | ok . . . as long as I can lick and suck your pussy                   |
| Nikki4403: | cool<br>where                                                        |
| Philter425: | you like that                                                        |
| Nikki4403: | oh yeah                                                              |

-

admitted he had sent the messages attributed to Philter425 earlier that evening.

The defendant concedes he was Philter425 and does not challenge the admissibility of communications made the night he was arrested. He objects to the victim testifying about earlier communications she had with Philter425. The victim testified she communicated with Philter425 from November 1998 using the name Nikki4403. She stated that Philter425 revealed he was a male, twenty-eight years old, named Greg, and the father of a three-year-old girl. The victim testified that Philter425 offered to buy her alcohol, to take her on dates, and to give her $100 if she would sneak out of her house. The victim testified she told Philter425 that she was fifteen years old, and on one occasion, she mentioned that she was grounded.

Conversations over the internet are analogous to telephone conversations. Conversations overheard on a telephone are admissible if direct or circumstantial evidence establishes the identity of the parties to the conversation. Snead v. Commonwealth, 4 Va. App. 493, 496, 358 S.E.2d 750, 752 (1987). Messages received over the internet are admissible against the sender if the evidence establishes the identity of the sender. The defendant admitted he used the name Philter425 to communicate with Nikki4403 on February 5, 1999. Remarks made in that conversation linked it to the earlier communications between Philter425 and Nikki4403. In an earlier communication,

-

the victim told Philter425 that she was grounded.  The defendant began the communication on February 5 by asking, "Are you ungrounded now?"  Internal links between the earlier and later conversations support the inference that Philter425 was the same person both times.

External facts verified personal information that Philter425 revealed during the communications.  Personal details such as age, name, gender, and offspring matched the defendant.  No evidence suggested that anyone else could impersonate the defendant by appropriating his internet identification name and use it to establish a communication link with the victim.  The evidence sufficiently identified the defendant as the person using the alias Philter425 when the communications were made to the victim.  The trial court could admit the statements as admissions by the defendant.  "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).

The defendant challenges the sufficiency of the evidence of attempting to take indecent liberties with a minor and solicitation to commit sodomy.  The defendant contends the evidence was insufficient to prove: (1) he was over eighteen years old, (2) he made an attempt, (3) he enticed, allured,

-

persuaded, or invited the victim, (4) he intended to commit sodomy, or (5) he had lascivious intent.

The defendant told the victim he was twenty-eight years old. The defendant's presence at trial corroborated this statement. The judge noted, "I do not believe any reasonably minded juror could conclude that [the defendant] is under the age of 18." A person's physical appearance may be considered as proof that he is older than a given age. Jewell v. Commonwealth, 8 Va. App. 353, 356, 382 S.E.2d 259, 261 (1989).

> If a criminal defendant's physical appearance indicates an age well above that required to be proven and the trial court determines that the fact finder is able to conclude beyond a reasonable doubt from the defendant's physical appearance that he exceeds the age required to be proven, then the defendant's physical appearance alone is sufficient evidence of his age, and the fact finder may resolve that issue based only on the defendant's physical appearance.

Id. The evidence proved the defendant was over eighteen years old.

"An attempt to commit a crime is composed of two elements: (1) the intent to commit it; and (2) a direct, ineffectual act done toward its commission. The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969) (citations omitted). In the February 5 communication, which the defendant

-

admitted making, he clearly stated an intention to have the victim come to his house and engage in sexual acts.

"[W]here intent has been shown, any slight act done in furtherance of this intent will constitute an attempt." Fortune v. Commonwealth, 14 Va. App. 225, 229, 416 S.E.2d 25, 28 (1992). The defendant established a plan to meet the victim and take her to his house. He began executing his plan by fixing a time and place to meet her. He then went there at the designated time driving the vehicle that he had identified for the victim. The crime must be "'in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter, and the act must not be equivocal in nature.'" Lewis v. Commonwealth, 15 Va. App. 337, 340, 423 S.E.2d 371, 373 (1992) (citation omitted). The defendant failed to carry out his plan because the police were waiting for him at the meeting place rather than the victim. The defendant's actions in furtherance of his statement of intent went beyond preparation and constituted an attempt.

The defendant contends he cannot be convicted because it was impossible to entice a child to engage in sexual acts when he communicated with Detective Smith, not the victim. Legal impossibility is a defense; factual impossibility is not. Parham v. Commonwealth, 2 Va. App. 633, 636, 347 S.E.2d 172, 173-74 (1986).

-

"Factual impossibility occurs when the actions intended by a defendant are proscribed by the criminal law, but a circumstance or fact unknown to the defendant prevents him from bringing about the intended result."  Id. at 636, 347 S.E.2d at 174.  The defendant thought he was communicating with a young girl with whom he intended to have sexual relations.  The defendant did not know the police had replaced the victim as Nikki4403.  If the defendant intends to violate the law and, but for some impediment, would complete the unlawful act, then he is guilty of the attempted crime.  Id. at 637, 347 S.E.2d at 174.

The defendant also contends the evidence was not sufficient to prove he intended to commit sodomy.  The defendant maintains Ford v. Commonwealth, 10 Va. App. 224, 227, 391 S.E.2d 603, 604 (1990), controls because he only expressed a desire to engage in sexual acts.  In Ford, the defendant approached the victims' car, and they asked what he wanted.  He stated he wanted to have sex and said he wanted to perform a particular sexual act.  The defendant made no more movements toward the car, offered no money, and did not ask the victims to get out.  The court ruled that his words alone "did not rise to the level of incitement to criminal activity" required to convict of solicitation.

In his February 5 communication with Nikki4403, the defendant stated he wanted to perform sodomy on the victim.  He arranged to meet her, take her to his house, and went to meet her.  "Criminal solicitation involves the attempt of the accused

-

to incite another to commit a criminal offense.  'It is immaterial whether the solicitation is of any effect and whether the crime solicited is in fact committed. . . . The gist of [the] offense is incitement.'"  Branche v. Commonwealth, 25 Va. App. 480, 490, 489 S.E.2d 692, 697 (1997) (citation omitted).  The defendant's actions and statements to Nikki4403 were not just "words alone."  The evidence supports a finding beyond a reasonable doubt that the defendant solicited the crime.

Finally, the statements made in the February 5 communication permit a finding that the defendant acted with lascivious intent.  "[T]he word 'lascivious' describes a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite."  McKeon v. Commonwealth, 211 Va. 24, 27, 175 S.E.2d 282, 284 (1970).  The factors that can prove lascivious intent include whether the defendant made any improper remarks to the victim, and whether he asked her to do anything improper.  Campbell v. Commonwealth, 227 Va. 196, 199, 313 S.E.2d 402, 404 (1984) (indecent exposure).

For the reasons stated, we affirm the convictions.

Affirmed.

-