COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


PATRICK TIMOTHY JEFFERS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1350-00-1          JUDGE ROBERT P. FRANK
                                         MARCH 6, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                  William H. Shaw, III, Judge

          B. Elliott Bondurant (Hudson and Bondurant,
          P.C., on brief), for appellant.

          Thomas M. McKenna, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Patrick Timothy Jeffers (appellant) was convicted in a bench

trial of solicitation to commit a felony in violation of Code

§ 18.2-29 and contributing to the delinquency of a minor in

violation of Code § 18.2-371.  On appeal, he contends the trial

court erred in finding the evidence sufficient to convict him of

both offenses.  Finding no error, we affirm the convictions.

                         I.  BACKGROUND

     "Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth, the

prevailing party below, granting to it all reasonable inferences

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

fairly deducible therefrom." Green v. Commonwealth, 32 Va. App. 438, 442, 528 S.E.2d 187, 189 (2000) (citing Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997)).

So viewed, the evidence established that on October 18, 1999, fourteen-year-old Kimberly, whose last name we choose not to reveal, was walking on Bray Road in Gloucester County near her home when appellant approached her in his car. He initially passed by her, but then turned around and came back towards her. He stopped and told her, "If you sit on my face, I'll lick your clit." She responded, "What?" He repeated the statement. She told him to go away and turned to begin walking toward her house. Appellant again drove up to her and asked, "Are you sure?" He also asked if she wanted a ride. She told him to "leave her alone." Appellant drove off again.

Appellant drove down the street, turned around, and approached Kimberly a third time. In a demanding tone of voice, he ordered her to get in the car. Kimberly testified she was "scared" that he might try to make her get in the car. When she again rebuffed him and continued to walk on, appellant turned around and again approached her. He said, "Are you sure you don't want a ride?" By then Kimberly had reached her house. She put her hands up and told him to leave her alone. When her mother came out of the house, appellant left.

-

At no time did appellant reach out for Kimberly, nor did he make any gestures toward her. After the initial encounter, Kimberly did not run to her house but "walk[ed] fast."

Appellant admitted to a deputy sheriff that he was present at the location described by Kimberly and asked her if she wanted a ride. Appellant indicated he was on the dead-end road looking for a friend who "might be working in a construction site in that area." Deputy Sheriff Guire testified there was no construction in that area.

Kimberly's mother testified she saw a car next to her daughter. Kimberly was coming toward her and "became hysterical." The driver of the car looked at the mother and "took off."

Appellant denied that he made any sexual comment to Kimberly, although he did comment that "she had a pretty face" and indicated he would give her a ride to "any place she wanted to go." On cross-examination, appellant admitted he approached Kimberly four times while in his car, but he denied telling her to get into the car.

Appellant moved to strike the evidence at the conclusion of the Commonwealth's case and at the conclusion of his own evidence. The trial court overruled both motions finding the evidence sufficient to support the convictions.

## II. ANALYSIS

> In reviewing the sufficiency of the
> evidence, we consider the record "'in the
> light most favorable to the Commonwealth,

-

giving it all reasonable inferences fairly deducible therefrom. In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . .'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). "When weighing the evidence, the fact finder is not required to accept entirely the Commonwealth's or defendant's account of the facts," but "may reject that which it finds implausible, [and] accept other parts which it finds to be believable." Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). The judgment of the trial court, finding guilt beyond a reasonable doubt, will not be set aside unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

DeAmicis v. Commonwealth, 31 Va. App. 437, 440, 524 S.E.2d 151, 152 (2000) (en banc).

Code § 18.2-29 states:

Any person who commands, entreats, or otherwise attempts to persuade another person to commit a felony, shall be guilty of a Class 6 felony. Any person age eighteen or older who commands, entreats, or otherwise attempts to persuade another person under age eighteen to commit a felony, shall be guilty of a Class 5 felony.

Thus, "[c]riminal solicitation involves the attempt of the accused to incite another to commit a criminal offense." Branche v. Commonwealth, 25 Va. App. 480, 490, 489 S.E.2d 692, 697 (1997). "'It is immaterial whether the solicitation is of any effect and

-

whether the crime solicited is in fact committed . . . . The gist

of [the] offense is incitement.'" Id. (quoting Huffman v.

Commonwealth, 222 Va. 823, 827, 284 S.E.2d 837, 840 (1981)).

"[T]he act of solicitation may be completed before any attempt is

made to commit the solicited crime . . . ." Ford v. Commonwealth,

10 Va. App. 224, 226, 391 S.E.2d 603, 604 (1990) (citing Pedersen

v. Richmond, 219 Va. 1061, 1067-68, 254 S.E.2d 95, 99 (1979)).

In Pederson, the Supreme Court of Virginia wrote,

"Solicitation may comprise a course of conduct, intended to induce

another to act, that continues over an extended period.  All the

evidence bearing upon [the accused's] intent is relevant to a

determination of his [or her] guilt or innocence." Pedersen, 219

Va. at 1067, 254 S.E.2d at 99.

In order to determine if appellant's words and conduct

commanded, entreated or attempted to persuade Kimberly to commit a

felony, we examine appellant's total course of conduct.

First, it is reasonable to infer that appellant referred to

an act of sodomy in violation of Code § 18.2-361(A)[1] when he said,

"If you sit on my face, I'll lick your clit."  The trial court

---

[1] Section 18.2-361(A) states:

> If any person carnally knows in any
> manner any brute animal, or carnally knows
> any male or female person by the anus or by
> or with the mouth, or voluntarily submits to
> such carnal knowledge, he or she shall be
> guilty of a Class 6 felony, except as
> provided in subsection B.

-

could have found beyond a reasonable doubt that appellant's words and conduct did in fact encourage or incite Kimberly to commit a felony.

Appellant contends our holding in Ford controls. In Ford, two female students from Randolph-Macon College were waiting at the drive-through at a McDonald's restaurant. Ford, 10 Va. App. at 225, 391 S.E.2d at 603-04. Ford, a McDonald's employee, walked toward their car. Id. at 225, 391 S.E.2d at 604. He leaned against the driver's side of the car and asked the women if they attended Randolph-Macon. Id. They answered affirmatively and resumed their conversation. Id. Then, Ford mumbled something. Id. One of the women asked Ford what he wanted. Id. Ford stated he wanted sex and said, "'I want to lick your pussy.'" Id. The women rolled up their windows until a woman returned with their food. Id. They asked the woman at the drive-through window for Ford's name. Id. at 226, 391 S.E.2d at 604. Ford volunteered his name, and the women drove to the front of McDonald's, went inside and spoke with the manager. Id.

This Court reversed Ford's conviction, finding that Ford's statements were nothing but an expression of his desire and did not constitute a command, entreaty or attempt to persuade either woman to engage in oral sodomy. Id. at 228, 391 S.E.2d at 605. We wrote, "During both of the exchanges between Ford and the women, Ford made no movement toward the car after initially

-

walking up to it, nor did he offer the women money or ask them to get out of the car." Id. at 226, 391 S.E.2d at 604.

Unlike Ford, appellant's words and actions were more than an expression of his desire for oral sex. The trial court could have properly concluded that appellant expressed both a desire and entreaty to induce Kimberly to allow him to sodomize her. Once rebuffed, he asked, "Are you sure?" This question belies appellant's contention that he only expressed a desire. By asking this question, appellant was challenging Kimberly's negative response to his request for oral sex. Clearly, a statement of desire does not elicit a response that would be challenged by appellant. Further, appellant, in a demanding tone of voice, ordered her to get in his car. To accomplish his incitement to commit sodomy appellant needed Kimberly to enter his vehicle. The facts in this case are similar to those in Pedersen. Appellant's entire course of conduct underscored his desire for Kimberly to act upon his entreaty.

Appellant further contends because he did not solicit Kimberly to commit a felony, he cannot be convicted pursuant to Code § 18.2-371 of contributing to the delinquency of a minor.[2]

---

[2] Section 18.2-371 states:

> Any person eighteen years of age or older, including the parent of any child, who (i) willfully contributes to, encourages, or causes any act, omission, or condition which renders a child delinquent, in need of services, in need of supervision,

-

Based on our view that appellant did solicit Kimberly, we find no merit in his contention. By soliciting Kimberly to commit a felony, he encouraged an act which would render a child delinquent.

We hold that the evidence was sufficient to prove beyond a reasonable doubt all elements of both offenses. We, therefore, affirm appellant's convictions for violating Code § 18.2-29 and Code § 18.2-371.

<u>Affirmed.</u>

---

or abused or neglected as defined in § 16.1-228, or (ii) engages in consensual sexual intercourse with a child fifteen or older not his spouse, child, or grandchild, shall be guilty of a Class 1 misdemeanor. This section shall not be construed as repealing, modifying, or in any way affecting §§ 18.2-18, 18.2-19, 18.2-61, 18.2-63, 18.2-66, and 18.2-347.

-