# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0601** (Harrison County 18-F-193-3)

**Tyler Howard Graening,**
**Defendant Below, Petitioner**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tyler Howard Graening, by counsel Crystal L. Walden, appeals the Circuit Court of Harrison County's February 25, 2019, order denying his post-trial motions for judgment of acquittal and to set aside the penalty and its May 29, 2019, sentencing order. The State of West Virginia, by counsel Scott E. Johnson, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, petitioner placed a personal ad on Craigslist that included a graphic photograph, claiming a desire for casual sexual encounters.[1] On September 21, 2017, Bridgeport Police Officer Lt. Gary Weaver responded to the ad, posing as a fifteen-year-old girl, Allie.[2] In her initial response, Allie responded, "15F Bport saying what's up?" Petitioner responded, "You're 15?" Allie confirmed that she was, and petitioner stated that he was twenty-four but continued with, "I'm looking for things you can't help me with. Sorry[.]" However, the online conversation continued, including petitioner noting that Allie's age "scares" him, but Allie said, "That cool don't worry about it then[.]" After Allie said that she was a virgin, he replied, "Sh*t. I don't want

---

[1]The ad said, "Need to get head or get f*cked" and "[n]eed to get my cock sucked or f*cked, HMU ['hit me up']." The ad further read "if you're needing a big dick, I'm horny and looking for a hot mouth or tight pussy. Send photos or I will not respond and put f*ck me in the subject line ASAP, please."

[2]For the sake of clarity, we will refer to this persona as "Allie" throughout this memorandum decision.

1

to be the one to pop your cherry 'cause I can't wear a condom." Allie then apologized, and petitioner responded, "If you just told me you were 18 and you were cool with no condom, it would have been different. . . . I will leave my post up if you want to start over another time or something." After she again apologized, he reiterated,

> Like I said, it you want to start over and HMU - you can. I'll be around that area. . . . If interested HMU tonight. I reposted also. . . . I'll figure it out just start over and say right stuff. . . . I need your age to be 18 so be like 18 and what you're looking for type of thing. Just like we never talked.

During the online conversation related to the new ad, petitioner and Allie exchanged messages over the course of approximately one week. Petitioner again said that he was "looking to get head maybe f*cked." He claimed he was unsure if he remembered she was Allie, saying, "All I care is if you want to f*ck." After additional back and forth, petitioner asked her if she was interested in sex without condoms, and Allie replied, "Yeah that be cool but have to pull out not wanna be on a show 15 and pregnant. Would not be cool at all." When discussing when to meet, Allie mentioned that she had a half day of school the following week. At that point, the e-mails ceased.

Petitioner was indicted by a grand jury of one count of soliciting a minor via a computer. During his jury trial, petitioner called two witnesses and then moved for a judgment of acquittal, arguing that the State failed to show that there was any solicitation, enticement, seduction, alluring, or an attempt thereof by petitioner. The State opposed that motion, and the circuit court held the motion in abeyance pending the jury's verdict. At the conclusion of the trial, petitioner was convicted pursuant to West Virginia Code § 61-3C-14b, and the circuit court sentenced him to an indeterminate term of incarceration of two to ten years.

Petitioner filed a post-trial motion for judgment of acquittal and motion to set aside the penalty. The circuit court denied both motions by order entered on February 25, 2019. In that order, the circuit court noted that it had reviewed the procedural history, the motions, and the responses, including the arguments of counsel before denying the motions. It went on to address the presentence investigation report (completed by Janis Leckenbusch, Adult Probation Officer) and the adult sex offender risk evaluation (completed by Dr. William Fremouw, licensed psychologist). The circuit court then ordered that the sentencing hearing be continued to allow petitioner to participate in a sex offender treatment program. The circuit court also ordered that the Harrison County Home Incarceration Office prepare a home incarceration investigation report and that counsel file any objections to that report at least five days prior to sentencing. The court then set the sentencing hearing.

On May 20, 2019, petitioner appeared for sentencing, and the circuit court entered its resulting sentencing order on May 29, 2019. The circuit court noted that it had reviewed the presentence investigation report, the adult sex offender evaluation, and the home incarceration investigation reports and ordered that they be made a part of the record. The circuit court advised petitioner of his right of allocution, and petitioner addressed the court prior to the imposition of sentence. The court, thereafter, sentenced petitioner to two to ten years of incarceration for soliciting a minor via computer. Petitioner appeals from the February 25, 2019, and May 20, 2019,

2

orders.

On appeal, petitioner asserts two assignments of error: (1) The evidence presented at trial was insufficient to convict petitioner of a violation of West Virginia Code § 61-3C-14b and (2) the circuit court erred in not setting aside the prescribed two to ten-year sentence as a violation of the proportionality principle of the West Virginia Constitution. "Th[is] Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011) (citing *State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996)). Further, "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. Bleck*, No. 18-0481, 2020 WL 3039082, __ W. Va. __, __ S.E.2d __ (W. Va. filed June, 1, 2020).

With regard to the sufficiency of the evidence, the jury found that petitioner violated West Virginia Code § 61-3C-14b, which provides as follows:

> (a) Any person over the age of eighteen, who knowingly uses a computer to solicit, entice, seduce or lure, or attempt to solicit, entice, seduce or lure, a minor known or believed to be at least four years younger than the person using the computer or a person he or she believes to be such a minor, in order to engage in any illegal act proscribed by the provisions of article eight, eight-b, eight-c or eight-d of this chapter, or any felony offense under section four hundred one, article four, chapter sixty-a of this code, is guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000 or imprisoned in a state correctional facility not less than two nor more than ten years, or both.

Petitioner does not dispute the facts but argues that the question for this Court is whether the online conversations at issue, as a matter of law, support the accusation under West Virginia Code § 61-3C-14b. Petitioner appears to admit (but calls it a stipulation) that at the time of that conversation, petitioner was over the age of eighteen; he used a computer; the conversation he had was with someone he believed to be a minor at least four years younger than petitioner; and the conversation related to committing an illegal act, namely third-degree sexual assault.

Petitioner disputes the State's contention, and the jury's implicit finding, that he attempted to "solicit, entice, seduce, or lure" Allie. Petitioner's argument in support of that contention relies almost exclusively upon out of state authority, which is not binding upon this Court. In addition, there are factual distinctions between the instant case and *Ford v. Commonwealth*, 391 S.E.2d 603 (Va. Ct. App. 1990), the main case relied upon by petitioner, which make it inapplicable to the instant matter.[3] Petitioner's argument ignores the fact that Allie clearly identified herself as fifteen years old at the outset, and it was clear that petitioner understood the same, including posting a

---

[3]Petitioner also relies upon an unpublished opinion from the Court of Appeals of Virginia, *Murgia v. Commonwealth*, Record No. 0788-16-1 (Va. Ct. App. May 30, 2017) (unpublished), but that opinion was reversed by the Supreme Court of Virginia in *Commonwealth v. Murgia*, 827 S.E.2d 377 (Va. 2019).

3

second ad in order to try to negate the admission of her age. When Allie said that she was on Craigslist for "someone cool to chill with," petitioner continued asking what Allie wanted to do with him and inquiring about when and where to meet. After discussing a possible meeting, Allie questioned "like what more you wanting[?]" Petitioner responded, "Well, their[sic] was 2 things in my post." As set forth above, the title of the ad was "Need to get head or f*ck[.]" After petitioner reposted his ad, the second round of conversation included Allie saying she was "not sure what all your ad said[,]" to which petitioner replied, "I'm looking to get head maybe f*ck." After Allie asked if he remembered it was her, he said, "All I care is if u wanna f*ck." Petitioner followed up that response by asking if she was "interested in f*cking no condoms?" He reiterated that question shortly thereafter, and Allie replied, "Yeah that be cool but have to pull out not wanna be on a show 15 and pregnant. Would not be cool at all." After additional back and forth, petitioner asked when and where Allie wanted to meet, and Allie responded with a potential date. It is apparent to this Court upon review of these exchanges that petitioner was attempting to "solicit, entice, seduce, or lure" Allie, who he believed to be a fifteen year old girl, to engage in sexual acts with him, particularly because he mentioned having sexual intercourse without a condom on more than one occasion. We, therefore, find that the circuit court did not err in denying petitioner's motion for judgment of acquittal.

Next, we turn to petitioner's assertion that his sentence of two to ten years violates the proportionality principle set forth in the West Virginia Constitution. He does not, however, challenge the fact that the circuit court applied the statutory sentence, which provides, in relevant part, "upon conviction thereof, shall be fined not more than $5,000 or imprisoned in a state correctional facility not less than two nor more than ten years, or both." W. Va. Code § 61-3C-14b(a), in part. Petitioner correctly asserts that under Article III, Section 5 of the West Virginia Constitution, "[p]enalties shall be proportioned to the character and degree of the offense." He sets forth the potential sentences for a variety of crimes in order to argue that the two to ten-year sentence for a violation of West Virginia Code § 61-3C-14b(a) is not proportionate to the crime.

Petitioner's argument ignores our holding on the applicability of constitutional proportionality standards: "While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). The crime for which petitioner was sentenced has a fixed statutory maximum, and there was no life recidivism sentence imposed in this case. Before imposing sentence, the circuit court ordered that several evaluations be conducted, and it reviewed the resulting reports. The adult sex offender risk evaluation reveals that petitioner did not take any responsibility for the charge at issue. It also noted that petitioner had two prior sex offenses. In imposing sentence, the circuit court stated

> Mr. Graening, this is a pretty serious crime . . . The [c]ourt's given you opportunities here to try and get your act together where I could, in good conscience, suspend the sentence and place you on probation. You have a job. You don't have a substance abuse issue. Those are two positive things that you have going for you. But, at the same time, the [c]ourt is aware that you've got a history, and the history that you have really causes this [c]ourt some concern to suspend this sentence. You know, you've denied acceptance of responsibility in this matter. Throughout the trial you

4

tried to blame it on to somebody else. You have prior sex charges. . . . [S]o the [c]ourt's going to order you to be taken into custody at this time.

Because we conclude that petitioner's sentences were within the maximum statutory limit and not based on any impermissible factor, we find that petitioner's claims regarding the proportionality of his sentences are not reviewable on appeal. Further, it is apparent from the circuit court's comments during sentencing that it properly considered the evaluations and reports before it, including petitioner's criminal history, rather than some impermissible factor.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5